ACME–KEYSTONE MFG. CO. v. DEARBORN et al.

(Circuit Court of Appeals, Second Circuit. May 25, 1909.)

No. 288.

PATENTS (§ 328*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

The Dearborn patent, No. 639,669, for a blind stitch sewing machine, *held* not so clearly infringed on the evidence as to warrant the granting of a preliminary injunction; but the granting of such an injunction restraining infringement of claim 3 of the Dearborn patent, No. 705,326, relating to the same subject-matter, *held* within the discretion of the trial court.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 167 Fed. 568.

This cause comes here upon appeal from an order granting an injunction pendente lite in an infringement suit under patents No. 639,-669, of December 19, 1899, No. 679,553 of July 30, 1901, and No.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

705,326 of July 22, 1902, all granted to Charles A. Dearborn, and all relating to blind stitch sewing machines.

Harry E. Knight (William E. Knight, David J. Newland, and Charles C. Gill, of counsel), for appellants.

Hillary C. Messimer, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. As to claim 1 of the first patent we concur with the opinion of the Circuit Judge that the question whether defendant's device has the particular rocking movement required by the claim in question, in view of the conflicting testimony, is too doubtful to be determined as the basis for granting a preliminary injunction.

As to claim 2 of the second patent it was held that one type of machine made by defendant infringed and that another type did not. Since defendant is now making solely the noninfringing type, it is not concerned with the continuance of the preliminary injunction, and therefore did not argue for a reversal. No question as to this claim, therefore, requires consideration. The order in that particular is affirmed.

Claim 3 of the third patent (No. 705,326) reads as follows:

"In a blind stitch sewing machine, the combination of a suitable stitch-forming mechanism and a stationary presser-foot with a ridge-forming rib constructed and arranged to engage the work beneath the presser-foot, and an upper feed device constructed and arranged to engage the upper exposed face of the work adjacent to said ridge-forming rib, substantially as set forth."

One type of defendant's machines concededly infringes. Of the other type it is contended that it avoids infringement because its presser-foot has a slight vibratory motion during the time the goods are being fed forward. Such vibratory motion, complainant insists, is wholly without function. The Circuit Judge inclined to the opinion that defendants were merely attempting to get away from the precise form of the patent while retaining its advantages, and he granted an injunction against both types unless defendants should file a bond in the amount of $2,000. It is undesirable, especially in the Court of Appeals, to discuss the details of mechanism and the construction of claims, where a crowded art is concerned, upon a record composed of ex parte statements, and which may possibly be materially modified when the cause is presented at final hearing.

It is sufficient to say that in our opinion the disposition made in the Circuit Court of the motion for preliminary injunction was, upon the record before it, a proper exercise of its discretion. The order, however, should be modified by eliminating the first patent (No. 639,669), and, as modified, it is affirmed, without costs.